UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Curtis Nealy, | C/A No.: 1:18-cv-00777-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Warden, Lee Corr. Inst., | |
| Respondent. | |

This matter is before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] [ECF No. 29]. The Magistrate Judge recommends the Court grant Respondent Warden, Lee Corr. Inst.'s motion for summary judgment [ECF No. 17] and dismiss Petitioner Curtis Nealy's petition under 28 U.S.C. § 2254 ("§ 2254 petition") [ECF No. 1] with prejudice. R&R at 29.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a *de novo* review of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the Court need

---

[1] The Magistrate Judge issued the R&R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), reviewing the § 2254 petition pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

not conduct a *de novo* review of "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Also, objections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error. *Weber v. Aiken-Partain*, C/A No. 8:11-cv-02423-GRA, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## **Discussion**[2]

Petitioner, a state inmate at the Lee Correctional Institution of the South Carolina Department of Corrections, brings this action *pro se* under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody against Respondent. *See* Pet. at 1, ECF No. 1. In support of his § 2254 petition, he raises several grounds: (1) his counsel "failed to consult, procure and present expert witness to testify regarding effects of alcohol and tricyclic on State's key witness"; (2) his counsel "failed to use available impeachment evidence in order to challenge prosecution's key witnesses"; (3) his counsel "failed to object to unconstitutional jury charge that allowed infer[]ence of malice"; and (4) his counsel "failed to reply to the Respondent's Brief, where there were several incorrect or mistatements of facts, after

---

[2] The R&R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. *See* R&R at 1–17.

2

being requested to do such, well before the allotted time expired." Pet. at 6, 8.

On June 15, 2018, Respondent filed the instant motion for summary judgment. [ECF No. 7]. On or about August 24, 2018,[3] Petitioner filed a response in opposition [ECF No. 26], and on August 31, 2018, Respondent filed a reply thereto. [ECF No. 27]. On or about September 17, 2018, Petitioner filed a sur reply. [ECF No. 28]. On September 19, 2018, the Magistrate Judge issued the R&R, recommending the Court grant Respondent's motion for summary judgment and dismiss the case because all of Petitioner's grounds for relief are procedurally barred or fail on the merits. *See* R&R at 17–29. The Magistrate Judge specifically advised the parties of the procedure for filing objections to the R&R and the consequences if they failed to do so. R&R at 29–30.

On or about November 8, 2018, after receiving an extension of time, Petitioner timely filed objections to the R&R. [ECF No. 35]. However, the objections do not contain a specific objection to the Magistrate Judge's conclusion that Petitioner's grounds are procedurally barred or fail on the merits, so the Court reviews the R&R for clear error. *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the R&R for clear error and need not give reasons for adopting it). Petitioner objects "to the entire entry of Merits issued by the Magistrate Judge as there are many misstatements of facts." Objs. at 8. In particular, Petitioner objects to: (1) the Magistrate Judge's "re-characterizing his Constitutional claims by rephrasing the claims and then addressing [only] part of the claim and/or an entirely different claim th[a]n what was raised by the Petitioner"; (2) the Magistrate Judge's "'careful[] consider[ation]' [of] both 'parties submissions and the record in this case'" because the R&R "is solely based on the Respondent's [briefs]" and it is "highly impossible for

---

[3] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

3

the Magistrate Judge to review the [parties' briefs] and prepare a [29-page] R&R"; (3) the R&R's "misstatement of the procedural history"; (4) the R&R's "discussion in regards to the Federal Habeas issues"; (5) the R&R's "Cause and Actual Prejudice section"; (6) the Magistrate Judge's "theory that . . . Petitioner has not shown sufficient cause and prejudice to excuse the default of his Ground One, Claim Two claim." Objs. at 2–8.

At the outset, the Court notes that Petitioner correctly points out that the R&R misstates that Petitioner raises five grounds in his § 2254 petition. *See* R&R at 7 ("Petitioner states the following five grounds in his habeas petition[.]"). In fact, Petitioner raises two grounds constituting four claims: Ground One (with three claims) and Ground Two (with one claim). Pet. at 6, 8. Despite miscounting the grounds, the R&R correctly notes all the grounds raised and properly analyzes them, so the misstatement of the number of grounds does not alter the Magistrate Judge's or this Court's conclusions. *See* R&R at 7–8 (enumerating Petitioner's grounds).

Otherwise, Petitioner's objections are general or merely rehash arguments already made to and considered by the Magistrate Judge. Having reviewed the objections, the Court discerns no clear error in the R&R. Therefore, the Court adopts the R&R, grants Respondent's motion for summary judgment, and dismisses the § 2254 petition.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## **Conclusion**

For the foregoing reasons, the Court adopts and incorporates by reference the R&R [ECF No. 29] of the Magistrate Judge. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 17] and **DISMISSES** Petitioner's § 2254 petition [ECF No. 1] with prejudice. Furthermore, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Florence, South Carolina             s/ R. Bryan Harwell
December 20, 2018                    R. Bryan Harwell
                                     United States District Judge